IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
CANTON DIVISION

| | |
|---|---|
| In re:<br><br>DALE R. SMITH<br>CAROL. A. SMITH<br><br>Debtors. | Case No. 17-61711-MAW<br><br>Chapter 7<br><br>Judge Mary Ann Whipple |

**APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO RETAIN AND EMPLOY
JAMES HARRIS LAW PLLC; LAWRENCE LITIGATION GROUP; AND MOORE
LAW GROUP PLLC AS CO-SPECIAL COUNSEL**

Now comes the Chapter 7 Trustee, Anthony J. DeGirolamo (the "Trustee"), pursuant to 11

U.S.C. § 327(e) and Federal Rules of Bankruptcy Procedure 2014, and respectfully requests the

Court to enter and order employing James Harris Law PLLC ("Harris"), with a business address

of 750 B Street, Suite 2775, San Diego, California 92101; Lawrence Litigation Group

("Lawrence") with a business address of 1250 Connecticut Avenue, Suite 700, Washington D.C.

20036; and Moore Law Group PLLC ("Moore" and together with Harris and Lawrence, the

Firms") with a business address of 1473 South 4th Street, Louisville, Kentucky 40208 as co-special

counsel for the Trustee.  In support of this Application, the Trustee states as follows:

1.      On August 2, 2017 (the "Petition Date"), the Debtors commenced their bankruptcy

case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  The Debtors'

case was administered and closed on December 8, 2017, without the Trustee being made aware of any pre-petition personal injury claim.

2.      Upon the discovery of Co-Debtor Carol A. Smith's personal injury claim due to chemical exposure, which is property of the estate, the case was reopened on October 6, 2021 (Docket No. 16), to allow the Trustee to administer the newly discovered asset.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and venue of the Debtors' chapter 7 case and this Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rules.

4.      It is necessary for the Trustee to be represented by co-special counsel for assistance in carrying out the duties of the Trustee as set forth in §704 of the Bankruptcy Code. More specifically, the Trustee requires assistance to pursue the personal injury claim of the Co-Debtor.

5.      The Firms are knowledgeable and experienced in personal injury suits for which the Trustee seeks to employ special counsel.

6.      The Firms agree to be retained on an aggregate contingency fee basis as follows and as outlined on Exhibit A attached hereto: forty percent (40%) of all gross monies recovered. This fee covers all legal services through settlement or judgment. All subject to final approval of the Court upon application and hearing thereon.

7.      The Firms agree to share the fee as follows:

    a.  55% to Lawrence;

    b.  32.5% to Harris; and

    c.  12.5% to Moore.

8.      The Firms' retention is in the best interest of the estate because they are

knowledgeable of the personal injury claim for which they are to be retained.

9.      In accordance with Federal Rules of Bankruptcy Procedure 5002 and as evidenced by the Affidavits of counsel filed contemporaneously herewith, the Firms are not a relative of the bankruptcy judge making the appointment or approving the appointment nor have they been so connected with such judge as to render the appointment improper.

10.     As evidenced by the Affidavits of counsel filed simultaneously herein as Exhibits B, C, and D, the Firms do not have any connection with the Debtors, the creditors, the Office of the United States Trustee or any other party in interest or the respective attorney.  The Firms do not represent any interest adverse to the estate in the matters upon which they are to be retained, and are therefore disinterested within the meaning of 11 U.S.C. §101(14).

WHEREFORE, the Trustee respectfully requests that the Court enter an order in the form attached hereto as Exhibit E:  (a) authorizing the Trustee to retain and employ James Harris Law PLLC, Lawrence Litigation Group, and Moore Law Group PLLC as co-special counsel for the Trustee to be compensated as set forth above in paragraphs 6 and 7, all being subject to the final approval of the Court upon application and hearing thereon; and (b) granting such other and further relief as the Court may deem proper.

Respectfully submitted,

 /s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo (0059265)
3930 Fulton Drive NW, Suite 100B
Canton, Ohio 44718
Telephone:  330-305-9700
Facsimile:  330-305-9713
Email:  tony@ajdlaw7-11.com

CHAPTER 7 TRUSTEE

## <u>NOTICE OF APPLICATION TO EMPLOY</u>

The Trustee has filed papers with the Court to obtain the Court's approval to retain and employ James Harris Law PLLC, Lawrence Litigation Group, and Moore Law Group PLLC as his co-special counsel.

**<u>Your rights may be affected</u>.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to approve the Application without a hearing, or if you want the Court to consider your views on the Application, then on or before **April 5, 2023,** you or your attorney must:

File with the Court a written response and request for a hearing at:

United States Bankruptcy Court
Ralph Regula U.S. Courthouse
401McKinley Avenue SW
Canton, Ohio 44702

If you mail your request or response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

You must also mail a copy to:

Anthony J. DeGirolamo, Esq.
3930 Fulton Drive NW, Suite 100B
Canton, Ohio 44718

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Application and may enter an order granting that relief without a hearing.

Date: March 22, 2023      Signature: /s/ Anthony J. DeGirolamo
                          Name: Anthony J. DeGirolamo, Esq.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 22, 2023, a copy of the foregoing Application was electronically transmitted via the Court's CM/ECF system to those listed on the Court's Electronic Mail Notice list:

- **Austin B. Barnes**   abarnes@sandhu-law.com, bk1notice@sandhu-law.com
- **Anthony J. DeGirolamo, Trustee - Mansfield**   tony@ajdlaw7-11.com, ad@trustesolutions.com;amber@ajdlaw7-11.com;AD07@trustesolutions.net
- **Rebecca K Hockenberry**   rebecca@kickandgilman.com, LAllton@kickandgilman.com;KickandGilmanLLC@jubileebk.net
- **United States Trustee**   (Registered address)@usdoj.gov

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo

The undersigned hereby certifies that a copy of the foregoing Application was served via regular U.S. Mail, postage prepaid, upon those listed below, this 22nd day of March, 2023.

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo

Dale R. Smith
1800 Bowen Road
Mansfield, Ohio 44903

Carol A. Smith
1800 Bowen Road
Mansfield, Ohio 44903

James Harris Law PLLC
Attn:  James. A. Harris, Esq.
750 B Street, Suite 2775
San Diego, California 92101

Lawrence Litigation Group PLLC
Attn:  Gary Podell, Esq.
1250 Connecticut Avenue, Suite 700
Washington D.C. 20036

Moore Law Group PLLC
Attn:  Jennifer Moore, Esq.
1473 South 4th Street
Louisville, Kentucky 40208

**EXHIBIT A**

# <u>AGREEMENT FOR LEGAL REPRESENTATION</u>

This Agreement is between the undersigned ("Client,"), James Harris Law, PLLC and Lawrence Litigation Group ("Attorneys") to investigate and possibly prosecute causes of action or claims in the ███████████ The scope of Attorneys' representation is limited to evaluating and potentially pursuing any such claims. Attorneys are authorized to file suit on your behalf at their sole discretion.

1. FREE CASE EVALUATION – The attorneys at James Harris Law, PLLC will evaluate your claim at no expense to you.

2. NO UP FRONT RETAINER FEE – We agree to represent you without an up-front retainer fee.

3. NO UP FRONT CASE EXPENSES – You will not be required to pay any up front case expenses.

4. CLIENT DECIDES TO APPROVE SETTLEMENT – We will not bind you to a settlement amount without your approval.

5. NO FEES OR EXPENSES UNLESS WE RECOVER FOR YOU – If no recovery of any money is obtained by us for our client, client will owe the firm no money for attorney's fees or expenses.

6. Client understands that no other legal services are covered by this Agreement. In the event of an appeal a separate agreement will be necessary.

7. Client understands that this retention includes causes of action against the manufacturers only and does not include investigating or prosecuting claims or actions against any physician or other health care provider for malpractice or other causes of action. Client is advised that Attorneys WILL NOT be filing any claims or lawsuits against any physicians relating to the products which are the subject of this case. Client is advised that he/she may or may not have a potential claim against his/her physician and if interested in pursuing such a claim should consult with another attorney as soon as possible.

8. Client is further advised that depending on certain laws and how much time has passed, his/her claim may be barred by the statute of limitations. Client acknowledges this risk and desires to pursue a claim with such understanding. PROMPT RETURN OF THIS CONTRACT IS VERY IMPORTANT. PLEASE UNDERSTAND THAT NO ACTION CAN BE TAKEN BY ATTORNEYS UNTIL ATTORNEYS HAVE HAD TIME TO FULLY INVESTIGATE THE FACTS OF THE CASE. NO INVESTIGATION INTO CLIENT'S INDIVIDUAL FACTS CAN BE STARTED UNTIL ATTORNEYS HAVE BEEN RETAINED – BY CLIENT SIGNING THIS CONTRACT. IN ANY LEGAL MATTER TIME IS OF THE ESSENCE.

9. Client acknowledges that the applicable statute of limitations may have already expired in this case, and that you are waiving any claim against Attorneys, co-counsel, and law firm for any such lapse in the statute of limitations. Furthermore, you agree and acknowledge that while we are agreeing to investigate and evaluate your potential claims, we must first have time to gather pertinent medical records and other information in order to fully assess when your cause of action accrued, and thus, when the statute of limitations began on your case. Accordingly, you agree and understand that your claim may be time barred or may become time barred before we are able to gather medical records and fully investigate your claims.

10. Because we cannot file a lawsuit without taking necessary steps, you agree to waive any claim, release our law firms, and hold us harmless from any potential expiration of the statute of limitations that may occur before we are able to complete this essential, preliminary process. You agree that we will have no obligation to file a lawsuit on your behalf for the later of (a) 90 days from the date you have executed this agreement or (b) 60 days after we have received medical records establishing your alleged injury and your use of the product which allegedly caused your injury. You acknowledge that it will take us at least (a) 90 days from the date you have executed and returned this agreement or (b) 60 days after we have received medical records establishing your alleged injury and your use of the specific product which allegedly caused your injury to have the information necessary to file suit on your behalf.

11. You agree that should any court determine that any statute of limitations applicable to our case expired at any time up to the later of (a) 90 days from the date you have executed this agreement or (b) 60 days after we have received medical records establishing your alleged injury <u>and</u> your use of the product which allegedly caused your injury, we are not responsible for the consequences of not having filed a lawsuit prior to that date.

12. **<u>Specifically, you agree to indemnify us and hold us harmless from any claim arising out of the fact that a lawsuit was not filed on your behalf any time prior to the later of (a) 90 days from the date you have executed this agreement or (b) 60 days after we have received medical records establishing your alleged injury and your use of the product which allegedly caused your injury.</u>**

13. Because there may be limited time for your claim to be processed, we request that you obtain copies of your medical records that prove that you used the medication or medical device then provide these to us immediately. If you do not do this, you understand that it takes much longer for our law firm to obtain these records because the copying services used by the doctors and hospitals are very slow. Your signature below indicates that you fully understand and appreciate these issues and that you **will not** hold us, our lawyers, or our co-counsel responsible or liable in any way should the statute of limitations expire during this preliminary period. This preliminary period will continue until we have notified you that our investigation is complete and that we have accepted your case for filing a claim. Please understand that the timing and decision to send such a letter is left to the sole discretion of our law firm.

14. Attorneys reserve the right to withdraw from representation at their sole discretion upon reasonable notice given to client. In said case Attorneys may cancel this Agreement with Client and said cancellation will release Attorneys from any further action on Client's claim,and will discharge Attorneys from this Agreement. Cancellation will be effected by reasonable written notice made to the last address provided by the Client to Attorneys. Client agrees to be truthful with Attorneys, to cooperate, to keep Attorneys informed of developments, to abide by this Agreement and any addendums, and to keep Attorneys informed of Client's current address, telephone number and whereabouts.

15. **CONTINGENT FEE AGREEMENT:** Compensation of said attorneys will be on a contingent fee. Said attorneys shall receive <u>forty percent (40%)</u> of all gross monies recovered. This fee covers all legal services through settlement or judgment. Gross recovery refers to the total amounts recovered, including by way of example, compensatory and punitive damages, sanctions, attorney fees and interest. <u>IN THE EVENT OF NO MONETARY RECOVERY, ATTORNEYS SHALL RECEIVE NOTHING FOR THEIR SERVICES</u>. This fee agreement is not set by law and is negotiable between you and Attorneys.

16. By signing this Agreement, Client acknowledges and agrees that the above contingency fee is reasonable considering the time and labor required the novelty, complexity and difficulty of the legal questions involved, and the requisite skill necessary to perform these legal services properly. Client further acknowledges and understands that this contingent fee, or rate of fee, is customary for legal services of a comparable or similar nature. Client further acknowledges, agrees, and understands that the above contingency fee is reasonable considering the significance of this representation, the amount of money involved, the subject matter of this litigation, and the responsibility involved in the representation to obtain the desired resu``lts. Client further acknowledges, agrees, and understands that the above contingency fee contract is reasonable considering the expertise, reputation, diligence, and ability of the Attorneys performing these legal services.

17. In the event that Attorneys withdraw or are discharged, they may be permitted by law to recover the reasonable value of their services and any costs or expenses that have been advanced. That recovery could be less or the same as the amount that would have been obtained by Attorneys had they proceeded with your case and received their contingency fee. However, Attorneys agree not to seek reimbursement of costs/expenses or the reasonable value of their services unless you receive a recovery in the underlying matter.

18. **ASSOCIATION OF OTHER ATTORNEYS (Co-Counsel)**: Client understands, agrees, and hereby authorizes James Harris Law, PLLC to associate any other attorneys to assist and perform legal services regarding your case. Association of other attorneys **will not affect the amount of attorney's fees; rather, James Harris Law, PLLC and Co-Counsel will split the attorney's fee in a manner they determine is appropriate.** James Harris Law, PLLC may at its sole option and discretion, associate with additional

counsel to participate in the representation of Client. In that event, Client agrees that Co-Counsel will be compensated out of the attorney's fees in this case. The total <u>fee to the Client will not increase</u> as a result of the association of Co-Counsel. THIS ASSOCIATION DOES NOT AFFECT OR INCREASE YOUR ATTORNEYS FEES. Attorney's Fees will be divided with Lawrence Litigation Group receiving 55% and James Harris Law receiving 45%.

19. **<u>COSTS AND OTHER EXPENSES:</u>** It will be necessary for Attorneys to incur and advance certain costs and expenses for the Client. These costs may include, but are not necessarily limited to, any of the following: filing and service fees; costs for screening and medical exams; reports and records; travel expenses; fees of accountants, court reporters, or other professionals employed with respect to your case including judicial officers' fees; costs and fees associated with any necessary foreign estate administration procedures; telephone charges; facsimile charges; miscellaneous copying costs and postage. It may be necessary to employ medical and/or technical expert witnesses to examine and report on the facts of the Client's cause of action. The Client agrees that Attorneys have the discretion to employ and pay these expert witnesses. It may be necessary to retain an outside company to assist with lien resolution services. The Client agrees that such services are a reimbursable expense. The Client further agrees to reimburse Attorneys from any settlement money received or from payment of any judgment. Upon receipt by Attorneys of the proceeds of any settlement or judgment, Attorneys shall retain the above referenced distribution of attorney fees, and then deduct any costs, expenses and expert fees from the Client's portion of the recovery after attorney fees are deducted and disburse the remainder to Client.

20. Attorneys will keep costs as low as possible consistent with the objective of competently representing client's interests. **If no money is recovered in Client's case, Attorneys will not seek costs and expenses advanced by Attorneys in the investigation and/or prosecution of Client's case.**

21. **<u>WAIVER OF POTENTIAL CONFLICTS – MULTIPLE PLAINTIFFS:</u>** Client understands that his/her case may be filed, settled, and/or go to trial with a larger group of tort claimants with similar claims. Client agrees that Attorneys, at Attorneys' election, may combine this Action with other related actions, which are often called Mass Tort Actions. One benefit of Mass Tort Actions is that by litigating multiple related cases together and spreading the cost of litigation across the group of cases, litigation costs for each individual client may be lower than they would be if each individual's case were litigated in isolation. By signing this Agreement, Client does hereby waive any potential or actual conflict between themselves and any other member of a Mass Tort Group. Client gives permission to Attorneys to disclose Client's name, and Client's settlement (offer) amount to other claimants also represented by Attorneys, whose case may be litigated and/or settled at the same time, to the extent that such disclosures may be necessary to comply with applicable rules of legal ethics and professional conduct. Additionally, Client understands that certain expenses, including travel and expert expenses, may be incurred jointly in all cases in

a group and authorizes Attorneys to allocate such expenses among all such cases in proportion to the ultimate gross recovery obtained by each client in the group.

22. Client agrees that Attorneys are authorized to settle this case against any or all of the defendants on a global basis with recovery being made to client out of the global settlement.

23. **MEDICAL LIENS AND SUBROGATION:** Client may, by contract or statute, be required to reimburse the party (usually health insurance or government agency) who paid medical expenses related to the injuries caused by the product which is the subject of this legal matter. This is the client's obligation and if required shall be paid out of client's settlement proceeds. In the event of a dispute between the client and a subrogee or lienholder, the client agrees that attorney may hold the maximum amount being claimed in an escrow account until the dispute has been resolved.

24. **POWER OF ATTORNEY:** Client gives Attorneys a Power of Attorney to execute all reasonable and necessary documents connected with the handling of this cause of action, including pleadings, contracts, checks, drafts, settlement agreements, compromises and releases, verifications, dismissals and orders, and all other documents that the Client could properly execute.

25. **GOVERNING LAW:** The laws of the State of Washington and/or the State of Associated Counsel shall govern the validity, construction, enforcement, and interpretation of this Agreement. This Agreement contains the entire agreement between Client and Attorneys regarding the matters described herein, and the fees, charges and expenses to be paid relative thereto, and supersedes all prior oral or written agreements. This Agreement may only be amended in writing by Client and Attorneys, and their respective legal representatives, successors, and assigns. This Agreement may be executed in multiple original counterparts, each of which shall be deemed an original, and which together shall constitute the same agreement.

26. Please review this Agreement carefully, sign the original and return to James Harris Law, PLLC at 1001 Fourth Avenue Plaza, Suite 3200, Seattle, WA 98154. If you have signed the documents online via Echosign (electronic signature), you do not need to mail in your documents. Unless other arrangements are made, five years from the date this case is resolved, the file will be destroyed.

27. PROMPT RETURN OF THIS CONTRACT IS VERY IMPORTANT. CLIENT UNDERSTANDS THAT NO ACTION CAN BE TAKEN BY ATTORNEYS UNTIL ATTORNEYS HAVE HAD TIME TO FULLY INVESTIGATE THE FACTS OF THE CASE. NO INVESTIGATION INTO CLIENT'S INDIVIDUAL FACTS CAN BE STARTED UNTIL ATTORNEYS HAVE BEEN RETAINED – BY CLIENT SIGNING THIS CONTRACT. IN ANY LEGAL MATTER TIME IS OF THE ESSENCE.

NOTE: If you are signing on behalf of another individual (e.g., for your minor child or decedent), please write that individual's name first, then yours (i.e. Bob Smith by Betty Smith). The remaining information should be completed for the individual you are signing for.

_Carol A Smith_ (signature)

_____
Sign Your Name

Carol A Smith

_____
Print Your Name

08/21/2019

_____
Date

_____
James Harris Law, PLLC

_____
Co Counsel (if applicable)

# ADDENDUM TO CONTINGENCY FEE CONTRACTS

The law firms of Moore Law Group, PLLC and James Harris Law, PLLC, collectively referred to as the "Attorneys," agree with respect to the division of attorneys' fees in the ████████ cases originated from James Harris Law, PLLC or any of James Harris Law, PLLC's agents (hereinafter referred to as "James Harris Law, PLLC ████████ Cases") as follows:

## I.     PURPOSE OF AGREEMENT

The Attorneys will pursue recovery as co-counsel of all damages, compensation, and other relief to which the Clients may be entitled in each case against ████████ any of their employees, agents, related entities, or any other party involved in the manufacture, distribution, sale or marketing of ████████ including ████████ chemicals/products.

## II.     ATTORNEYS' FEES

In consideration of services rendered and to be rendered by the Attorneys, the Attorneys agree to the division of attorneys' fees in the percentages as set forth below:

For the James Harris Law, PLLC ████████ Cases Moore Law Group settles, Moore Law Group shall receive 12.5% of the gross fee of each case.

The Attorneys agree to revisit the division of Attorneys' fees in the event the services to be rendered by Moore Law Group is extended beyond handling the settlement of the James Harris Law, PLLC ████████ Cases.

James Harris Law, PLLC shall not be entitled to any fee percentage of ████████ cases originated by Moore Law Group.

In addition, the Attorneys shall receive all amounts recovered as compensation for Attorneys' fees upon trial or settlement of this matter. However, if the claim and cause of action is such that the fee allowed to an Attorney is set by law, the amount payable to the Attorneys shall be limited to the maximum so allowed by law.

## III.     PAYMENT OF EXPENSES

The costs of court and reasonable expenses will be advanced by James Harris Law, PLLC; the repayment of which is contingent upon a successful outcome of this matter. James Harris Law, PLLC will pay such reasonable expenses including expert fees, deposition costs, and cost of copies and court filing fees; Moore Law Group PLLC will not be responsible for such expenses.  In the event Moore Law Group incurs reasonable costs and expenses, such expenses will be reimbursed out of the client's recovery.  Each firm will pay for its own firm's costs of travel including lodging, transportation, and meals. In the event there is a recovery of monies resulting from a settlement or trial, the costs and expenses will be subtracted from the client's monies and reimbursed to the respective firm.

## IV.     OTHER PROVISIONS

**Association of other counsel**: Client agrees that Attorneys may associate counsel at the discretion and expense of Attorneys and that any attorney so employed as associate counsel may be designated to appear on Client's behalf or undertake representation of Client in this matter. Any associate counsel retained by Attorneys shall be compensated by James Harris Law, PLLC or out of

the percentage of attorney's fees set aside for James Harris Law, PLLC. Client has advised Attorney that Client has signed no other fee agreement or other contract with any other attorney regarding the incident in question.

## V.     <u>PARTIES BOUND</u>

This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, executors, administrators, legal representatives, successors and assigns.

SIGNED and agreed to on the  6th day of <u>March</u>   , 2020.

MOORE LAW GROUP, PLLC

BY: _____
            Jennifer A. Moore, Attorney

JAMES HARRIS LAW, PLLC

BY:_____
            Jim Harris, Attorney

CLIENTS:

_____

_____

**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
CANTON DIVISION

| | |
|---|---|
| In re: | Case No. 17-61711-MAW |
| DALE R. SMITH<br>CAROL. A. SMITH | Chapter 7 |
| Debtors. | Judge Mary Ann Whipple |

### <u>AFFIDAVIT OF JAMES A. HARRIS</u>

The undersigned, James A. Harris, hereby states:

1.      That he is an attorney with the firm James Harris Law PLLC (the "Firm") and an attorney duly admitted to practice before all Courts of the State of California;

2.      That he and the Firm are the attorneys that Anthony J. DeGirolamo (the "Chapter 7 Trustee") is seeking to employ as his co-special counsel by the Application which this Affidavit is attached;

3.      The Firm has extensive experience in the prosecution of personal injury claims and is willing to represent the Chapter 7 Trustee as set forth in said Application;

4.      That the normal billing rate of the Firm is as follows:

      a. forty percent (40%) of all gross monies recovered.  This fee covers all legal services through settlement or judgment.  All subject to final

approval of the Court upon application and hearing thereon.

5.  The Firms agree to share the fee as follows:

   a. 55% to Lawrence;

   b. 32.5% to Harris; and

   c. 12.5% to Moore.

6.  That neither the Firm nor Harris has any connection with the Chapter 7 Trustee, the United States Trustee or any person employed in the Office of the United States Trustee, the Debtors or the creditors, or any other party in interest, or the respective attorneys.

7.  That the Firm is a disinterested person and does not hold or represent any interest adverse to the estate; and

8.  That no attorney or other employee of the Firm is a relative of the Bankruptcy Judge approving the employment, and no attorney or other employee is or has been connected with the said Bankruptcy Judge so as to render the appointment of the Firm improper.

**VERIFIED** under penalty of perjury that the foregoing is true and correct on this 7th day of _____March_____, 20_23_

_____
James A. Harris

**SWORN TO** before me and subscribed in my presence by James A. Harris this _____ day of _____, 20__.

_____
Notary Public

*see attached*

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _San Diego_

Subscribed and sworn to (or affirmed) before me on this _7th_
day of _March_ , 20_23_, by _James A. Harris_ ,
_____
proved to me on the basis of satisfactory evidence to be the
person(s) who appeared before me.

JAHMIRA HINTON
Notary Public - California
San Diego County
Commission # 2385934
My Comm. Expires Dec 9, 2025

(Seal)                          Signature _____

**EXHIBIT C**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
CANTON DIVISION

| In re: | Case No. 17-61711-MAW |
|---|---|
| DALE R. SMITH | Chapter 7 |
| CAROL. A. SMITH | |
| | Judge Mary Ann Whipple |
| Debtors. | |

## AFFIDAVIT OF GARY PODELL

The undersigned, Gary Podell, hereby states:

1.       That he is an attorney with the firm Lawrence Litigation Group (the "Firm") and an attorney duly admitted to practice before all Courts of the State of Washington, Connecticut and New York;

2.       That he and the Firm are the attorneys that Anthony J. DeGirolamo (the "Chapter 7 Trustee") is seeking to employ as his co-special counsel by the Application which this Affidavit is attached;

3.       The Firm has extensive experience in the prosecution of personal injury claims and is willing to represent the Chapter 7 Trustee as set forth in said Application;

4.       That the normal billing rate of the Firm is as follows:

b. forty percent (40%) of all gross monies recovered.  This fee covers all legal services through settlement or judgment.  All subject to final

approval of the Court upon application and hearing thereon.

6.      The Firms agree to share the fee as follows:

   a. 55% to Lawrence;

   b. 32.5% to Harris; and

   c. 12.5% to Moore.

6.      That neither the Firm nor Podell has any connection with the Chapter 7 Trustee, the United States Trustee or any person employed in the Office of the United States Trustee, the Debtors or the creditors, or any other party in interest, or the respective attorneys.

7.      That the Firm is a disinterested person and does not hold or represent any interest adverse to the estate; and

8.      That no attorney or other employee of the Firm is a relative of the Bankruptcy Judge approving the employment, and no attorney or other employee is or has been connected with the said Bankruptcy Judge so as to render the appointment of the Firm improper.

**VERIFIED** under penalty of perjury that the foregoing is true and correct on this ___ day of _____, 20__.

_____
Gary Podell

**SWORN TO** before me and subscribed in my presence by Gary Podell, this ___ day of February, 2023.

_____
Notary Public

SAMANTHA A LUANGKHOT
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01LU6434903
Qualified in Suffolk County
Commission Expires 06/13/2026

**EXHIBIT D**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
CANTON DIVISION

| | |
|---|---|
| In re: | Case No. 17-61711-MAW |
| DALE R. SMITH<br>CAROL. A. SMITH | Chapter 7 |
| Debtors. | Judge Mary Ann Whipple |

## **AFFIDAVIT OF JENNIFER A. MOORE**

The undersigned, Jennifer A. Moore, hereby states:

1.      That she is an attorney with the firm Moore Law Group, PLLC (the "Firm") and an attorney duly admitted to practice before all Courts of the State of Kentucky and California;

2.      That she and the Firm are the attorneys that Anthony J. DeGirolamo (the "Chapter 7 Trustee") is seeking to employ as his co-special counsel by the Application which this Affidavit is attached;

3.      The Firm has extensive experience in the prosecution of personal injury claims and is willing to represent the Chapter 7 Trustee as set forth in said Application;

4.      That the normal billing rate of the Firm is as follows:

   c.   forty percent (40%) of all gross monies recovered.  This fee covers all legal services through settlement or judgment.  All subject to final approval of the Court upon application and hearing thereon.

7.     The Firms agree to share the fee as follows:

      a.   55% to Lawrence;

      b.   32.5% to Harris; and

      c.   12.5% to Moore.

6.     That neither the Firm nor Ms. Moore has any connection with the Chapter 7 Trustee, the United States Trustee or any person employed in the Office of the United States Trustee, the Debtors or the creditors, or any other party in interest, or the respective attorneys.

7.     That the Firm is a disinterested person and does not hold or represent any interest adverse to the estate; and

8.     That no attorney or other employee of the Firm is a relative of the Bankruptcy Judge approving the employment, and no attorney or other employee is or has been connected with the said Bankruptcy Judge so as to render the appointment of the Firm improper.

**VERIFIED** under penalty of perjury that the foregoing is true and correct on this _20th_ day of _February_, 20_23_

_____
Jennifer A. Moore

**SWORN TO** before me and subscribed in my presence by Jennifer Moore, this _20th_ day of _February_, 20_23_

_____
Notary Public

my commission expires: 11/16/2024
my commission No: KYNP173806

**EXHIBIT E**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
CANTON DIVISION

| | |
|---|---|
| In re: | Case No. 17-61711-MAW |
| DALE R. SMITH<br>CAROL. A. SMITH | Chapter 7 |
| Debtors. | Judge Mary Ann Whipple |

**ORDER APPROVING APPLICATION FOR**
**ORDER AUTHORIZING TRUSTEE TO EMPLOY CO-SPECIAL COUNSEL**

Before the Court is the Application of the Chapter 7 Trustee, Anthony J. DeGirolamo, pursuant to 11 U.S.C. § 327(a) and Federal Rule of Bankruptcy Procedure 2014, for the Court to enter an order employing James Harris Law PLLC ("Harris"), Lawrence Litigation Group ("Lawrence"), and Moore Law Group PLLC ("Moore" and together with Harris and Lawrence, the "Firms") as co-special counsel for the Trustee. Based upon the representations contained in the Application and the record in this case, the Court hereby **FINDS AND DETERMINES THAT:**

1. The Court has jurisdiction over the Debtors' case and the Application pursuant to 28 U.S.C. § 1334, venue is proper in the Court pursuant 28 U.S.C. §§ 1408 and 1409, and this is a core proceeding pursuant to 28 U.S.C. § 157.

2. It is necessary for the Trustee to be represented by co-special counsel for assistance in carrying out the duties of the Trustee as set forth in § 704 of the Bankruptcy Code.

3. The Firms are knowledgeable and experienced in personal injury claims for which the Trustee seeks to employ co-special counsel.

4. In accordance with Federal Rules of Bankruptcy Procedure 5002 and as evidenced by the Affidavits of counsel filed contemporaneously with the Application, the Firms are not a relative of the bankruptcy judge making the appointment or approving the appointment nor have they been so connected with such judge as to render the appointment improper.

5. As evidenced by the Affidavits, the Firms do not have any connection with the Debtors, the creditors, the Office of the United States Trustee or any other party in interest or the respective attorneys. The Firms do not represent any interest adverse to the estate in the matters upon which it is to be retained and is therefore disinterested within the meaning of 11 U.S.C. § 101(14).

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED THAT:**

A. The Application for appointment James Harris Law PLLC, Lawrence Litigation Group, and Moore Law Group PLLC as co-special counsel to the Trustee pursuant to 11 U.S.C. § 327(e) and Federal Rule of Bankruptcy Procedure 2014 is hereby approved on the terms and conditions set forth therein.

B. The Firms may be compensated for services rendered to the Trustee on an aggregate contingency fee as follows and as outlined on Exhibit A attached to the Application: forty percent

(40%) of all gross monies recovered.  This fee covers all legal services through settlement or judgment.  All subject to final approval of the Court upon application and hearing thereon.

      C.     The Firms agree to share the fee as follows:

           1.    55% to Lawrence;

           2.    32.5% to Harris; and

           3.    12.5% to Moore.

# # #

PREPARED BY:

Anthony J. DeGirolamo (0059265)
3930 Fulton Drive NW, Suite 100B
Canton, Ohio 44718
Telephone:  330-305-9700
Facsimile:  330-305-9713
Email:  tony@ajdlaw7-11.com

CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that on _____ __, 2023, a copy of the foregoing Order was electronically transmitted via the Court's CM/ECF system to those listed on the Court's Electronic Mail Notice list:

- **Austin B. Barnes**   abarnes@sandhu-law.com, bk1notice@sandhu-law.com
- **Anthony J. DeGirolamo, Trustee - Mansfield**   tony@ajdlaw7-11.com, ad@trustesolutions.com;amber@ajdlaw7-11.com;AD07@trustesolutions.net
- **Rebecca K Hockenberry**   rebecca@kickandgilman.com, LAllton@kickandgilman.com;KickandGilmanLLC@jubileebk.net
- **United States Trustee**   (Registered address)@usdoj.gov

_____
Deputy Clerk

The undersigned hereby certifies that a copy of the foregoing Order was served via regular U.S. Mail, postage prepaid, upon those listed below, this _____ day of _____, 2023.

_____
Deputy Clerk

Dale R. Smith
1800 Bowen Road
Mansfield, Ohio 44903

Carol A. Smith
1800 Bowen Road
Mansfield, Ohio 44903

James Harris Law PLLC
Attn:  James. A. Harris, Esq.
750 B Street, Suite 2775
San Diego, California 92101

Lawrence Litigation Group PLLC
Attn:  Gary Podell, Esq.
1250 Connecticut Avenue, Suite 700
Washington D.C. 20036

Moore Law Group PLLC
Attn:  Jennifer Moore, Esq.
1473 South 4th Street
Louisville, Kentucky 40208