IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
CANTON DIVISION

| | |
|---|---|
| In re:<br><br>DALE R. SMITH<br>CAROL A. SMITH<br><br>Debtors. | Case No. 17-61711-MAW<br><br>Chapter 7<br><br>Judge Mary Ann Whipple |

**MOTION OF ANTHONY J. DeGIROLAMO, TRUSTEE
FOR AUTHORITY TO COMPROMISE PERSONAL INJURY CLAIM AND
APPLICATION FOR ALLOWANCE OF SPECIAL COUNSEL FEES AND EXPENSES**

This matter is presented to the Court by the Anthony J. DeGirolamo, the duly appointed Trustee (the "Trustee"). Pursuant to sections 328 and 330 of the bankruptcy code and Rules 2016 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Trustee submits this Motion for Authority to Compromise the Co-Debtor Carol A. Smith's Personal Injury Claim and Allowance of Special Counsel Fees and Expenses (the "Motion). In support of this Motion, the Trustee states as follows:

1.  On August 2, 2017 (the "Petition Date"), the Debtors Dale R. Smith (the "Debtor") and Carol A. Smith (the "Co-Debtor") commenced their bankruptcy case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code. The Debtors' case was administered

and closed on December 8, 2017, without the Trustee being made aware of any pre-petition personal injury claim.

2. Upon the discovery of the Co-Debtor's personal injury claim due to chemical exposure (the "PI Claim"), which is property of the estate, the case was reopened on October 6, 2021 (Docket No. 16) to allow the Trustee to administer the newly discovered asset.

3. The Trustee employed James Harris Law PLLC, Lawrence Litigation Group, and Moore Law Group PLLC as co-special counsel ("Special Counsel") (Docket No. 33) to assist him in the negotiation of a settlement of the PI Claim.

4. The Trustee has been advised by his Special Counsel that a settlement of the PI Claim of $222,900.41 has been reached. See Exhibit A attached hereto. The net amount due is $88,910.47 (the "Net Proceeds") after deduction for the following fees and expenses:

    a. Special Counsel fees attributable to James Harris Law PLLC of $35,106.81;

    b. Special Counsel fees attributable to Lawrence Litigation Group of $42,908.33;

    c. Special Counsel fees attributable to Moore Law Group PLLC of $11,145.02:

    d. Special Counsel expenses attributable to James Harris Law PLLC of $228.13;

    e. Special Counsel expenses attributable to Lawrence Litigation Group of $0.00;

    f. Special Counsel expenses attributable to Moore Law Group PLLC of $70.54;

    g. Medical Lien Resolution of $44,531.11.

5. The Debtors also filed Amended Schedules (Docket No. 28) claiming exemptions totaling $25,425.00 in the PI Claim as follows:

    a. $23,700.00 under O.R.C. §2329.66(A)(12)(c);

    b. $1,250.00 under O.R.C. §2329.66(A)(18);

    c. $475.00 under O.R.C. §2329.66(A)(3).

6. The Trustee and the Debtors have agreed to fully compromise the PI Claim as follows:

    a. $25,425.00 of the Net Proceeds shall be paid to the Debtors;

    b. $63,485.47 of the Net Proceeds shall be paid to the Trustee.

7. As part of the Trustee's administration of the bankruptcy estate, any excess Net Proceeds after payment of administrative costs and all allowed claims shall be distributed to the Debtors through the Trustee's Final Report.

8. The parties hereto respectfully request that the Court approve this Compromise. Bankruptcy Rule 9019(a) authorizes bankruptcy courts to approve compromises and settlements. The standard to apply in deciding whether to approve a compromise is one of reasonableness; the court should canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness. *In re Lawrence & Erausquin, Inc.,* 124 B.R. 37, 38 (Bankr. N.D. Ohio 1990); *In re Tennol Energy Co.,* 127 B.R. 820, 828 (Bankr. E.D. Tenn. 1990) (citations omitted). "[T]he ultimate inquiry is whether the 'compromise is fair, reasonable and in the interest of the estate.'" *In re Marvel Entertainment Group, Inc.,* 222 B.R. 243, 249 (D. Del. 1998) (quoting *In re Louise's, Inc.,* 24 B.R. 798, 801 (D. Del. 1997).

9. In determining whether a compromise is reasonable, the cases are "remarkably consistent in establishing that there are but four considerations which a court must address in determining the fairness, reasonableness, and adequacy of a settlement." *In re Grant Broadcasting of Philadelphia, Inc.,* 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987). These considerations are:

    a. the probability of success in litigation;

    b. the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it;

    c. the likely difficulty in collection; and

        d.       the paramount interests of the creditors.

*See also Lawrence & Erausquin,* 124 B.R. at 38; *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968); *Martin v. Kane (In re A&C Properties),* 784 F.2d 1377, 1381 (9th Cir. 1986); *In re Flight Trans. Corp. Securities Litigation,* 730 F2d 1128, 1135 (8th Cir. 1984), cert. denied, 469 U.S. 1207 (1985). In essence, these standards require a balancing of the probable benefits and potential costs of pursuing a claim or defense against the benefits and costs of the proposed compromise.

10. The Trustee believes that the terms set forth in the Compromise are fair and reasonable and within the realm of probable outcomes if the Trustee litigated the PI Claim. Settling this matter and avoiding further litigation will produce substantial benefits for the estate.

11. The Trustee believes the compromise is in the best interest of the estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto as Exhibit B, (i) approving the settlement of the Co-Debtor's personal injury claim for $220,900.41; (ii) approving total Special Counsel fees of $89,160.16 and total expenses of $298.67; (iii) approving the compromise of the Net Proceeds between the Trustee and the Debtors; and (iv) granting any other and further relief that the Court deems just and proper.

                Respectfully submitted,

                /s/ Anthony J. DeGirolamo
                Anthony J. DeGirolamo (0059265)
                3930 Fulton Drive NW, Suite 100B
                Canton, Ohio 44718
                Telephone: 330-305-9700
                Facsimile: 330-305-9713
                Email: tony@ajdlaw7-11.com

                CHAPTER 7 TRUSTEE

# NOTICE OF MOTION OF ANTHONY J. DeGIROLAMO, TRUSTEE
# FOR AUTHORITY TO COMPROMISE PERSONAL INJURY CLAIM AND
# APPLICATION FOR ALLOWANCE OF SPECIAL COUNSEL FEES AND EXPENSES

Anthony J. DeGirolamo has filed papers with the court to obtain the Court's approval to compromise the Co-Debtor's personal injury claim and approval of special counsel fees.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to approve the compromise and approve special counsel fees without a hearing, or if you want the court to consider your views on the compromise, then on or before **July 31, 2024,** you or your attorney must:

File with the court a written response and request for a hearing at:

> United States Bankruptcy Court
> Ralph Regula U.S. Courthouse
> 401 McKinley Avenue SW
> Canton, Ohio 44702

If you mail your request or response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to:

> Anthony J. DeGirolamo, Esq.
> 3930 Fulton Drive NW, Suite 100B
> Canton, Ohio 44718

If you do not respond in writing the Court may grant the relief requested without a hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the compromise and may enter an order granting that relief without a hearing.

Date: July 10, 2024     Signature: /s/ Anthony J. DeGirolamo
                        Name: Anthony J. DeGirolamo, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2024 a copy of the foregoing Compromise was electronically transmitted via the Court's CM/ECF system to those listed on the Court's Electronic Mail Notice list:

- **Austin B. Barnes**   abarnes@sandhu-law.com, bk1notice@sandhu-law.com
- **Anthony J. DeGirolamo, Trustee - Mansfield**   tony@ajdlaw7-11.com, ad@trustesolutions.com;amber@ajdlaw7-11.com;AD07@trustesolutions.net
- **Rebecca K Hockenberry**   rebecca@kickandgilman.com, LAllton@kickandgilman.com;KickandGilmanLLC@jubileebk.net
- **United States Trustee**   (Registered address)@usdoj.gov

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo

# EXHIBIT A



## LIEN PAYOFF STATEMENT

| | |
|---|---:|
| **Gross Settlement Amount** | $222,900.41 |
| Attorney's Fees (40%) | $89,160.16 |
| - Moore Law Group Fees | $11,145.02 |
| - James Harris Law Fees | $35,106.81 |
| - Lawrence Litigation Group Fees | $42,908.33 |
| MLG Case Expenses | $70.54 |
| JHL Case Expenses | $228.13 |
| Total Health Insurance Liens Paid | $44,531.11 |
| **Net Final Disbursement** | $88,910.47 |

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
CANTON DIVISION

| | |
|---|---|
| In re:<br><br>DALE R. SMITH<br>CAROL A. SMITH<br><br>Debtors. | Case No. 17-61711-MAW<br><br>Chapter 7<br><br>Judge Mary Ann Whipple |

**AGREED ORDER GRANTING MOTION OF ANTHONY J. DeGIROLAMO, TRUSTEE FOR AUTHORITY TO COMPROMISE PERSONAL INJURY CLAIM AND APPLICATION FOR ALLOWANCE OF SPECIAL COUNSEL FEES AND EXPENSES**

Before the Court is the Application of Anthony J. DeGirolamo, Trustee, for an order approving a compromise of Co-Debtor Carol A. Smith's personal injury claim and approving special counsel fees and expenses pursuant to sections 328 and 330 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2016 and 9019. Based upon the representations contained in the Application and the record in this case, the Court hereby **FINDS AND DETERMINES THAT:**

1. The Court has jurisdiction over the instant case and the Motion pursuant to 28 U.S.C. § 1334, venue in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and this is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2).

2. Good and sufficient cause has been shown to approve the compromise of the PI Claim, which is property of the Debtors' bankruptcy estate, for the amount of Two Hundred Twenty-Two Thousand Nine Hundred and 41/100 Dollars ($222,900.41), resulting in a net amount of Eighty-Eight Thousand Nine Hundred Ten and 47/100 Dollars ($88,910.47) (the "Net Proceeds"). See Exhibit A attached hereto.

3. Good and sufficient cause has been shown to approve total Special Counsel fees of $89,160.16; total Special Counsel expenses of $298.67; and Medical Lien Resolution of $44,531.11.

4. Total Special Counsel fees of $89,160.16 will be attributed to the firms employed as co-special counsel as follows:

    a. Special Counsel fees attributable to James Harris Law PLLC of $35,106.81;

    b. Special Counsel fees attributable to Lawrence Litigation Group of $42,908.33;

    c. Special Counsel fees attributable to Moore Law Group PLLC of $11,145.02.

5. Total Special Counsel expenses of $298.67 will be attributed to the firms employed as co-special as follows:

    a. Special Counsel expenses attributable to James Harris Law PLLC of $228.13;

    b. Special Counsel expenses attributable to Lawrence Litigation Group of $0.00;

    c. Special Counsel expenses attributable to Moore Law Group PLLC of $70.54.

6. The Trustee and the Debtors have agreed to fully compromise the PI Claim as follows:

a. $25,425.00 of the Net Proceeds shall be paid to the Debtors; and

b. $63,485.47 of the Net Proceeds shall be paid to the Trustee.

7. As part of the Trustee's administration of the bankruptcy estate, any excess Net Proceeds after payment of administrative costs and all allowed claims will be distributed to the Debtors through the Trustee's Final Report

Accordingly, it is hereby **ORDERED, ADJUDGED, DECREED THAT:**

A. The Trustee's proposed compromise the PI Claim, which is property of the Debtors' bankruptcy estate, for the amount of Two Hundred Twenty-Two Thousand Nine Hundred and 41/100 Dollars ($222,900.41), resulting in a net amount of Eighty-Eight Thousand Nine Hundred Ten and 47/100 Dollars ($88,910.47) after deducting Special Counsel fees and expenses and Medical Lien Resolution is hereby approved.

B. Total Special Counsel fees of $89,160.16 are hereby approved and shall be distributed as follows:

1. Special Counsel fees attributable to James Harris Law PLLC of $35,106.81;

2. Special Counsel fees attributable to Lawrence Litigation Group of $42,908.33;

3. Special Counsel fees attributable to Moore Law Group PLLC of $11,145.02.

C. Total Special Counsel expenses of $298.67 are hereby approved and shall be distributed as follows:

1. Special Counsel expenses attributable to James Harris Law PLLC of $228.13;

2. Special Counsel expenses attributable to Lawrence Litigation Group of $0.00;

3. Special Counsel expenses attributable to Moore Law Group PLLC of $70.54;

D. Net Proceeds of $88,910.47 shall be distributed as one-time, lump sum payments as follows:

1. $25,425.00 of the Net Proceeds shall be paid to the Debtors; and

2. $63,485.47 of the Net Proceeds shall be paid to the Trustee.

E.  As part of the Trustee's administration of the bankruptcy estate, any excess Net Proceeds after payment of administrative costs and all allowed claims shall be distributed to the Debtors through the Trustee's Final Report

# # #

AGREED TO BY:

| | |
|---|---|
| /s/ Anthony J. DeGirolamo<br>Anthony J. DeGirolamo (0059265)<br>3930 Fulton Drive NW, Suite 100B<br>Canton, Ohio 44718<br>Telephone: 330-305-9700<br>Facsimile: 330-305-9713<br>E-mail: tony@ajdlaw7-11.com<br><br>CHAPTER 7 TRUSTEE | See Attached Signature Page<br>Rebecca K. Hockenberry (0074930)<br>Kick and Gilman LLC<br>245 Sandusky Street<br>Ashland, Ohio 44805<br>Telephone: 419-289-8080<br>Facsimile: 419-994-4886<br>Email: rebecca@kickandgilman.com<br><br>COUNSEL TO THE DEBTORS |
| See Attached Signature Page<br>Dale R. Smith<br><br>CHAPTER 7 DEBTOR | See Attached Signature Page<br>Carol A. Smith<br><br>CHAPTER 7 DEBTOR |

1. $25,425.00 of the Net Proceeds shall be paid to the Debtors; and

2. $63,485.47 of the Net Proceeds shall be paid to the Trustee.

E.   As part of the Trustee's administration of the bankruptcy estate, any excess Net Proceeds after payment of administrative costs and all allowed claims shall be distributed to the Debtors through the Trustee's Final Report

# # #

AGREED TO BY:

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo (0059265)
3930 Fulton Drive NW, Suite 100B
Canton, Ohio 44718
Telephone: 330-305-9700
Facsimile: 330-305-9713
E-mail: tony@ajdlaw7-11.com

CHAPTER 7 TRUSTEE

Dale R. Smith

CHAPTER 7 DEBTOR

Rebecca K. Hockenberry (0074930)
Kick and Gilman LLC
245 Sandusky Street
Ashland, Ohio 44805
Telephone: 419-289-8080
Facsimile: 419-994-4886
Email: rebecca@kickandgilman.com

COUNSEL TO THE DEBTORS

Carol A. Smith

CHAPTER 7 DEBTOR

**Parties to be served electronically:**

- **Austin B. Barnes**     abarnes@sandhu-law.com, bk1notice@sandhu-law.com
- **Anthony J. DeGirolamo, Trustee - Mansfield**     tony@ajdlaw7-11.com, ad@trustesolutions.com;amber@ajdlaw7-11.com;AD07@trustesolutions.net
- **Rebecca K Hockenberry**     rebecca@kickandgilman.com, LAllton@kickandgilman.com;KickandGilmanLLC@jubileebk.net
- **United States Trustee**     (Registered address)@usdoj.gov

**Parties to be served via regular U.S. Mail, postage prepaid:**  See attached service list

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0647-6<br>Case 17-61711-maw<br>Northern District of Ohio<br>Canton<br>Wed Jul 10 09:57:56 EDT 2024 | Ally Bank, c/o AIS Portfolio Services, LP<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | United States Bankruptcy Court<br>Ralph Regula U.S. Courthouse<br>401 McKinley Avenue SW<br>Canton, OH 44702-1745 |
| ARS National Services Inc.<br>P.O. Box 469100<br>Escondido, CA 92046-9100 | Ally Financial<br>Attn: Bankruptcy<br>P.O. Box 380901<br>Minneapolis, MN 55438-0901 | Bank of America<br>P.O. Box 982238<br>El Paso, TX 79998-2238 |
| Barclays Bank Delaware<br>100 S West Street<br>Wilmington, DE 19801-5015 | (p)JPMORGAN CHASE BANK N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | Citibank / Sears<br>Citicorp Credit Services<br>Attn: Centralized Bankruptcy<br>P.O. Box 790040<br>Saint Louis, MO 63179-0040 |
| Citibank/Goodyear<br>Citicorp Cr Srvs<br>Attn: Centralized Bankruptcy<br>P.O. Box 790040<br>Saint Louis, MO 63179-0040 | Community EMS<br>28050 Grand River Avenue<br>Farmington, MI 48336-5919 | Directions Credit Union<br>5121 Whiteford Road<br>Sylvania, OH 43560-2987 |
| (p)FIRSTMERIT BANK NA<br>3 CASCADE PLAZA CAS36<br>3RD FLOOR<br>AKRON OH 44308-1124 | Harley Davidson Financial<br>Attention: Bankruptcy<br>P.O. Box 22048<br>Carson City, NV 89721-2048 | Interim Healthcare<br>900 Sharon Valley Rd<br>Newark, OH 43055-2804 |
| Kohl's<br>Peritus Portfolio Services II, LLC<br>PO BOX 141509<br>IRVING, TX 75014-1509 | Kohls/Capital One<br>P.O. Box 3043<br>Milwaukee, WI 53201-3043 | Ohio Health Mansfield<br>P.O. Box 8135<br>Mansfield, OH 44901-8135 |
| (p)PNC BANK RETAIL LENDING<br>P O BOX 94982<br>CLEVELAND OH 44101-4982 | PNC Band Credit Card<br>P.O. Box 5570<br>Mailstop BR-YB58-01-5<br>Cleveland, OH 44101-0570 | PNC Bank Credit Card<br>P.O. Box 5570<br>Mailstop BR-YB58-01-5<br>Cleveland, OH 44101-0570 |
| (p)US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 | Anthony J. DeGirolamo, Trustee - Mansfield<br>3930 Fulton Drive NW, Suite 100B<br>Canton, OH 44718-3040 | Carol A. Smith<br>1800 Bowen Road<br>Mansfield, OH 44903-7501 |
| Dale R. Smith<br>1800 Bowen Road<br>Mansfield, OH 44903-7501 | Rebecca K Hockenberry<br>Kick and Gilman, LLC<br>245 Sandusky Street<br>Ashland, OH 44805-2034 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| Chase Card Services | First Merit Bank | PNC BANK N.A. |
| --- | --- | --- |
| Attn: Correspondence | 106 S. Main Street | PO BOX 94982 |
| P.O. Box 15278 | Akron, OH 44308 | CLEVELAND, OH 44101 |
| Wilmington, DE 19850 | | |

(d)PNC Mortgage  
P.O. Box 8703  
Dayton, OH 45401

US Bank / Rms CC  
Card Member Services  
P.O. Box 108  
Saint Louis, MO 63166

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)James Harris Law PLLC          (u)Lawrence Litigation Group          (u)Moore Law Group PLLC

(u)PNC BANK, NATIONAL ASSOCIATION

End of Label Matrix  
Mailable recipients   25  
Bypassed recipients    4  
Total                 29

**EXHIBIT A**



## LIEN PAYOFF STATEMENT

| | |
|---|---:|
| **Gross Settlement Amount** | $222,900.41 |
| Attorney's Fees (40%) | $89,160.16 |
| - Moore Law Group Fees | $11,145.02 |
| - James Harris Law Fees | $35,106.81 |
| - Lawrence Litigation Group Fees | $42,908.33 |
| MLG Case Expenses | $70.54 |
| JHL Case Expenses | $228.13 |
| Total Health Insurance Liens Paid | $44,531.11 |
| **Net Final Disbursement** | $88,910.47 |